Good morning. I may it please the court. My name is Michael Houston. I represent Mr. Abu Mezer. Let me just start by saying that Judge Block's decision not to hold De Novo's re-sentencing was an abuse of discretion. I have since filing my initial brief, I also have put in 28 J letters talking about the cases of Nezra v. United States and also Kaizu v. United States. Notably, we have almost the same sort of circumstance here. We had a vacatur and then we have judges who were not the original sentencing judges imposing a sentence and there's been a change of circumstance, a plausible change of circumstance. One of the cases was Judge Block, and I respect Judge Block, but I do think this was an abuse of discretion in this case. Let me just talk about what I consider the plausible change of circumstance. First, when Mr. Abu Mezer was sentenced the first time, we know that Booker didn't exist. That's a key factor here. And then also between this, the time of his, the vacatur of his conviction and what Judge Block did by just imposing another life sentence. We know that the terrorism enhancements had been looked at, there's been a much more case law developed. So this is a plausible change of circumstance. And even Judge Block On the guidelines point, the guidelines range would still be for a life sentence in this case, right? Yes, but I agree with that, Judge. But I do think the arguments that are available in terms of advocacy have changed over 27 years when Mr. Abu Mezer was convicted. So I would have an opportunity. So let's just imagine what a sentencing hearing would, a normal one would be. We would have Mr. Abu Mezer present. He would be able to express, you know, what he's gone through. He would be able to discuss his own rehabilitation. The judge could ask him questions. And we could also make an analysis of really, you know, there's been, there are critiques of the guidelines in terms of overstatement. You know, for instance, the automatic criminal history to six, which I've always thought was somewhat Orwellian, frankly speaking, to give someone a criminal history they don't have. So there are meritorious arguments. There are plausible arguments showing that there's a change here. And so, really, I think there's an abuse of discretion. Wouldn't that apply in almost every case, though? I mean, then we would have a rule that says it's an abuse of discretion. In every case where the sentencing, where there was a pre-guideline sentence. Well. Or is there more? Well, there's also, looking at Kaiser, we have a different sentencing judge. And that's a factor. So the two, we have symmetry here with two, you know, sets of precedent that this case squarely falls within the same, you know, rubric. You can look at it in a magnifying glass or do a comparison. They are the same. And so the same result should happen in this case. Am I correct that Judge Block actually considered the factors under 3553A? There was mention of it. There's mention of it. So let me ask my question again. Am I correct that Judge Block considered the 3553A factors? No, respectfully. I don't think he did. Why do you say that? I say that because 3553A can't be done, in my view, in terms of sentencing, without a human being in court and a true discussion. It's, you know, frankly, it's sort of meaningless to say I look at the factors and I just make the same decision. The sentencing is, you know, it's one of the most, it's challenging, it's intimate. I've done sentencings in front of Judge Block, and we've discussed hard issues, but that didn't happen here. So, no, respectfully, yes, he may have said that, but also he said going to do a resentencing, and I quoted him throughout the brief, would create, you know, all sorts of sentencing issues. So there's an acknowledgment from the judge himself that there are sentencing issues that need to be evaluated. So, you know, respectfully, Judge, that's why I feel what happened there. And really, that's it. Unless there's other questions, I've reserved some time, and obviously the government has this opportunity to respond. Thank you. Thank you. May it please the Court. My name is Dana Rehnquist. I'm an assistant United States attorney in the Eastern District of New York, and I represented the government in opposing the defendant's excessive 2255 motion before the district court. Here, this court's precedents have held that it is within a judge's discretion to simply vacate a sentence and not hold a de novo resentencing. And the district court here did not abuse its discretion in declining to resentence Abu Mazer. Mr. Abu Mazer was facing two separate life sentences on the remaining counts of conviction. The original sentencing judge, Judge Raggi, made an on-the-record finding at the sentencing hearing that a life sentence seems to be appropriate. This is similar to what the court found persuasive in the Arena case, where Judge Weinstein found that the guidelines were of little assistance in that case. In here specifically, you have Judge Block saying in his order that he would have adhered to the original sentence of life given the seriousness of the crimes, which I believe does suggest that Judge Block, although he may not have expanded on his 3553A analysis, did consider the 3553A factors in deciding not to hold a de novo resentencing for Mr. Abu Mazer. Didn't the court in Pena, which seems to be the lead case here, didn't it say that it may be that in most cases where a resentencing would not be purely ministerial, that it's an abuse of discretion not to go ahead with the de novo resentencing? And we do have a shift in there's no mandatory life sentence anymore. Yes, Your Honor. Pena did hold that. However, an abuse of discretion. It said that. It said that. Pena did say that. However, an abuse of discretion standard is very deferential to the district court. And the way that the courts have been interpreting Pena is to make specific case findings on the facts. And here I believe the facts of this specific case are appropriate that Judge Block did not abuse his discretion. While there is no mandatory life sentence in IED, which found that the judge there did not abuse its discretion in failing to hold a de novo resentencing, there was no mandatory life sentence. And while the judge in IED did expand a bit more on the 3553A factors than Judge Block, I think the circumstances here are most similar to the circumstances presented in IED. The guidelines here are the same. The seriousness of the crimes cannot be overstated. Judge Block clearly was familiar with the facts. He found that the validity of his underlying conviction was solid. He clearly was familiar with Judge Raji's very detailed sentencing transcript, in which allowed him to find the 3553A factors would mean that he would not have differentiated from Judge Raji's original life sentence. And here there really are no changed circumstances similar to the changed circumstances that the court considered in CASU. And those changed circumstances need to be such that the original rationale of the sentence no longer applies. In CASU, the – Well, no, but there's a legal sea change. I mean, Mr. Houston alluded to that. Since the sentencing, obviously a lot has happened. The courts addressed Booker in the Urena case and how the Booker analysis applies in this type of situation. And there the court found that in Booker where there are indications that the guidelines did not have a serious impact on the sentence, then that changed circumstance is less persuasive. Here, Judge Raji, in her sentencing transcript, which Judge Block had and was cited in the 2255 briefing, Judge Raji said a life sentence seems to be appropriate. And that's in government appendix on page 26. Your Honors, for the reasons that we've laid out, we believe it would be appropriate for the court to find that in this specific case, the factors that are present, the defendant facing two separate life sentences, the guidelines being the same today as they were at the time of the sentencing. The sentencing judge made on-the-record findings. So just to be clear, it's also the government's position, I think, that if Judge Block had, for whatever reason, decided to engage in a de novo resentencing after habeas, that would have been within his discretion as well? Yes, Your Honor. I believe the opinion provides the discretion of the various remedies to the district judge. Congress vested district judges with this discretion to choose among the remedies. Here, unlike Kazoo, Judge Block used that discretion to vacate the conviction and correct the sentence. Unlike Kazoo, where Judge Block did not merely vacate the sentence but engaged in more of an on-the-papers resentencing, the court appropriately found that that was an abuse of his discretion because a resentencing hearing should be similar to an original sentence hearing. The defendant has a right to be present. But those aren't the circumstances of the case at hand. In the case at hand, Judge Block merely vacated the sentence. He found that he would have adhered to the original sentence. And the specific factors that are at issue in this case are such that the government believes that Judge Block did not abuse his discretion and the court should similarly find. Unless the court has any other questions, we'll rest and agree for the rest of our argument. Just briefly, when the government makes mention that the seriousness of the case, obviously that's a factor under 3553A. But that's one of the faults with what happened in the district court. Just by focusing on that factor more and saying, well, I wouldn't change anything, that's not a meaningful inquiry. I mean, typically what we want in sentencing, we want the judge to evaluate each part of 5553A and then have a discussion about it and see how it applies. And to say that, you know, I'm hearing paper sentencing, you know, frankly, that rings hollow. You know, there's this asymmetric problem, I think, that Pena sort of created. But frankly, I think we can put the resources and the focus on the sentencing on the individual who obviously made a very horrible decision, you know, many years ago. But to afford this person an opportunity once one of the convictions has been vacated, it's not irrational. It's actually the most rational thing you could do. And it's irrational and an abuse of discretion to say simply the papers are sufficient for me. I've been a lawyer many years now, and I've talked to Judge Block about hard, hard issues. And advocacy has a place. You know, papers, you know, have a place also. But me being here and talking to you folks may make a difference. And so I would ask that this case be remanded below for a de novo resentencing. Thank you. Thank you both, and we'll take the matter under advisement. Well-argued both sides. Thank you very much.